FILED

January 19 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0342

DA 15-0342

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 19N

MONICA J. LINDEEN, STATE AUDITOR and
EX-OFFICIO, MONTANA SECURITIES COMMISSIONER,

Petitioner and Appellee,

v.

RICHARD CONVERSE d/b/a DC TAX SERVICE, INC.,

Respondents and Appellants.

| | |
|---|---|
| APPEAL FROM: | District Court of the First Judicial District,<br>In and For the County of Lewis and Clark, Cause No. ADV 2015-117<br>Honorable Mike Menahan, Presiding Judge |

COUNSEL OF RECORD:

For Appellants:

Richard Converse, self-represented; Great Falls, Montana

For Appellee:

Brett W. O'Neil, Jennifer Lee Hudson, Office of the Commissioner of
Securities and Insurance, Montana State Auditor; Helena, Montana

Submitted on Briefs: December 9, 2015
Decided: January 19, 2016

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Richard Converse appeals from the District Court's order enjoining him from transacting securities business in Montana with respect to several foreign currencies. Converse had engaged in numerous securities transactions regarding the Iraqi Dinar, which he sold as investments with an unusually high rate of return. Instead of investors actually taking possession of the currency, Converse informed investors they would need to utilize Victorious Financial Bank to purchase and sell their investments. A Commissioner of Securities and Insurance (CSI) investigation subsequently revealed that Victorious Financial Bank was fictitious. The District Court permanently enjoined Converse from transacting securities business in Montana, concluding Converse had defrauded or deceived investors by telling investors they would need to utilize the fictitious Victorious Financial Bank to cash in their dinars, when he promised unusually high rates of return on dinar investments, and when he promised unusually high rates of return on promissory notes.

¶3 Converse makes five arguments on appeal. First, Converse argues the Commissioner lacked standing because the Commissioner did not post a bond or provide

2

a copy of the Commissioner's oaths and qualifications. Section 30-10-305(1)(b), MCA, provides that the Commissioner may "bring an action in any court of competent jurisdiction to enjoin any acts or practices and to enforce compliance with [the Securities Act]" and "may not be required to post a bond." We are unaware of any authority that requires the Commissioner to provide the District Court with a copy of the Commissioner's oaths and qualifications before filing an injunction, and Converse has cited to none. The absence of a bond and the Commissioner's oaths therefore did not deprive the Commissioner of standing.

¶4 Converse next argues the District Court lacked jurisdiction to issue the injunction. District courts have original jurisdiction over "all civil matters and cases at law and in equity." Mont. Const. art. VII, § 4(1). The District Court therefore had subject matter jurisdiction.

¶5 Converse then argues the District Court erred in allowing witnesses to testify against him. The nature of the error is unclear as is the specific witness to whom Converse refers. Only two witnesses testified against Converse: Joyce Bowman and Deputy Securities Commissioner Lynne Egan. Given Converse's citation to *Bonamarte v. Bonamarte*, 263 Mont. 170, 866 P.2d 1132 (1994), it appears Converse objects to Bowman testifying via Vision Net. In *Bonamarte*, this Court held telephonic testimony improperly deprived the respondent from a meaningful opportunity to confront and cross-examine the witness. *Bonamarte*, 263 Mont. at 174, 866 P.2d at 1134. However, in *City of Missoula v. Duane*, 2015 MT 232, 380 Mont. 290, 355 P.3d 729, we distinguished

3

*Bonamarte*, holding video technology alleviated the concerns present in *Bonamarte* because video technology allowed the fact finder "to observe and hear the testimony of the witness firsthand." *City of Missoula*, ¶¶ 19-20. The District Court therefore did not err in allowing Bowman to testify via Vision Net.

¶6 Converse's fourth argument is that the District Court denied his right to appeal. This is apparently related to Converse's objection to the video testimony, wherein Converse requested the District Court halt the hearing and issue a written denial of the objection. The District Court explained Converse's objection was preserved regardless of whether the denial was oral or written. It is clear Converse's right to appeal was not denied by the District Court's refusal to issue a written order, given that we accepted review of the video testimony issue above.

¶7 Converse's final argument is that the District Court erred when it allowed Deputy Securities Commissioner Lynne Egan to testify. Although Converse appeared to make a general objection to Egan's testimony, it was clarified that Converse was actually renewing a motion to continue the hearing and not objecting to the testimony on any evidentiary grounds. We therefore decline to review Converse's evidentiary argument because it is being raised for the first time on appeal. *Schuff v. A.T. Klemens & Son*, 2000 MT 357, ¶ 53, 303 Mont. 274, 16 P.3d 1002.

¶8 We have determined to decide this case pursuant to Section 1, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. This appeal

4

presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶9     Affirmed.


                                                    /S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER